UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MILTON H. POPICK,

                Plaintiff,

v.                                            1:09-CV-0386
                                                    (GTS/VEB)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

MILTON H. POPICK
  Plaintiff, *Pro Se*
254 Washington Avenue
Kingston, New York 12401

SOC. SEC. ADMIN. OFFICE OF                 SHEENA V. WILLIAMS-BARR, ESQ.
GENERAL COUNSEL–REGION II               Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Currently before the Court, in this action seeking Supplemental Security Income ("SSI"), filed by Milton H. Popick ("Plaintiff") against the Commissioner of Social Security Commissioner ("Defendant") under 42 U.S.C. § 405(g) and 1383(c)(3), are the following: (1) Defendant's motion for judgment on the pleadings (Dkt. No. 18); (2) Plaintiff's motion for judgment on the pleadings (Dkt. No. 21); and (3) the Report-Recommendation of United States Magistrate Judge Victor E. Bianchini (Dkt. No. 24), issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the decision of Defendant be reversed and the matter be remanded to Defendant for further

proceedings consistent with the Report and Recommendation and sentence four of 42 U.S.C. § 405(g).  Neither party has filed Objections, and the time in which to do so has expired.  For the reasons set forth below, the Report-Recommendation is accepted and adopted.

I.     RELEVANT BACKGROUND

   A.     Procedural History

Because the parties have demonstrated in their briefs an adequate understanding of this action's procedural history, and neither party has specifically objected to Magistrate Judge Bianchini's accurate recitation of that procedural history, the Court adopts that recitation, in this Decision and Order, which is intended primarily for the review of the parties.  (*See generally* Dkt. No. 24, at 2 [Report-Rec].)

The Court would add only two points.  First, Plaintiff's underlying application for SSI benefits was based on his having an alleged mental disability that began on January 1, 1992. (*See* Administrative Transcript ["T."] at 67-69.)[1]  Second, in his decision of  November 19, 2008, denying Plaintiff's application for benefits, the ALJ determined that was not disabled as defined under the Social Security Act, because there was no evidence in the record to substantiate the existence of a "medically determinable mental impairment" pursuant to 20 C.F.R. Part 404.1520. (T. at 8-12.)

---

[1]     More specifically, Plaintiff allegedly suffers from diagnosed personality disorder, not otherwise specified, with schizoid features, and has some limitations arising from this condition such as moderate difficulties with maintaining social function and in maintaining concentration, persistence, or pace.  (T. at 130, 141-44.)

  **B.**  **Briefing by Parties**

  Generally, in his brief in opposition to Plaintiff's Complaint, Defendant asserts the following two arguments: (1) substantial evidence supports Defendant's Decision that Plaintiff was not disabled at step two of the five-step protocol for evaluating claims of disability under the Social Security Act; and (2) the ALJ correctly determined that Plaintiff's allegations were neither entirely consistent or credible. (Dkt. No. 18, at Part C.)

  Generally, liberally construed, Plaintiff's brief in support of his Complaint argues, *inter alia*, that Defendant has improperly reviewed Plaintiff's employment history, and may have intentionally altered Plaintiff's employment records. (*See generally* Dkt. No. 21.)

  **C.**  **Magistrate Judge Bianchini's Report-Recommendation**

  In his Report-Recommendation, Magistrate Judge Bianchini recommends that (1) Plaintiff's motion for judgment on the pleadings be granted, (2) Defendant's motion for judgment on the pleadings be denied, (3) the decision of the Commissioner be reversed, (4) the case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Report and Recommendation, and (5) the District Court consider the appointment of pro bono counsel to represent Plaintiff in the proceedings on remand. (Dkt. No. 24, at 13-14.)

  Essentially, Magistrate Judge Bianchini recommends that Plaintiff's case be remanded to Defendant for further review based on the ALJ's failure to employ the "special technique" used to assess the severity of mental impairments (during the second and third steps of the five-step disability protocol) pursuant to 20 C.F.R. § 404.1520a. (Dkt. No. 24, at 8-13 & n.6.) More specifically, Magistrate Judge Bianchini found as follows: (1) ALJ incorrectly determined that the state agency's consultative examiner had merely "suggested" personality disorder when in fact the consultative examiner had *actually diagnosed* Plaintiff's personality disorder; (2) the

3

ALJ's dismissal of consultative psychiatrist Dr. Gindes' diagnosis on the ground that it was based on Plaintiff's self-reports was incorrect because (a) such self-reports are an essential diagnostic tool, and (b) Dr. Gindes' diagnosis was likely based upon observed abnormalities in Plaintiff's behavior, not merely Plaintiff's self-reports; and (3) the ALJ relied on Plaintiff's self-reports to support his decision denying Plaintiff SSI benefits yet failed to account for Plaintiff's other fantastical claims.[2] (*Id.*)

## II.  APPLICABLE LEGAL STANDARDS

### A.  Standard of Review of Magistrate Judge Bianchini's Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first

---

[2]  Plaintiff believes his prior federal court case was the result of a White House cover-up and believes the SSA is also ignoring or altering record evidence in the instant action. (*See, e.g.*, Dkt. No. 21 [Plf.'s Brief].)

[3]  *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

instance.[4]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[5] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[6] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P.

---

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[5] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[6] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.[7]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Standard Governing Judicial Review of Defendant's Decision

In Part III.A. of his Report-Recommendation, Magistrate Judge Bianchini correctly recited the legal standard governing judicial review of Defendant's decision, and the five-step process for evaluating claims of disability under the Social Security Act.  (Dkt. No. 24, at 3-5.)  As a result, those standards are incorporated by reference in this Decision and Order, which (again) is intended primarily for the review of the parties.

### III.  ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Bianchini's Report-Recommendation, the Court concludes that Magistrate Judge Bianchini's thorough Report-Recommendation is correct in all respects.  Magistrate Judge Bianchini employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.   As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only that it has carefully considered whether to appoint *pro bono* counsel to represent Plaintiff in the administrative proceedings on remand.  However, because

---

[7] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Plaintiff has not requested such counsel, or demonstrated an inability to otherwise obtain counsel, the Court declines to make such an appointment.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Bianchini's Report-Recommendation (Dkt. No. 24) is **ACCEPTED** and **ADOPTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 21) is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to Defendant for further proceedings in accordance with this Decision and Order and pursuant to 42 U.S.C. § 405(g).

Dated: March 28, 2012
      Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

7